UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

APPLICATION DEVELOPMENT
CONSULTANTS, INC., a Florida
Corporation,

        Plaintiff,                           Case No.

vs.

PARK CITY GROUP, INC.,
a Delaware corporation

        Defendant.
_____/

## COMPLAINT

Plaintiff, Application Development Consultants, Inc., a Florida corporation ("Application Development") sues Defendant, Park City Group, Inc., a Delaware corporation ("Park City") and alleges the following:

### JURISDICTION AND VENUE

1. This is an action for declaratory judgment pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. sections 2201 and 2202, and Rule 57, Federal Rules of Civil Procedure, for the purposes of determining a question of actual controversy between Plaintiff, Application Development, and Defendant, Park City. Specifically, Application Development seeks a declaration that a patent owned by Park City is invalid, and a declaration that, because the patent is invalid, Application Development did not infringe and is not infringing, Park City's patent.

2. This Court has subject matter jurisdiction over this action pursuant to 28

U.S.C. sections 1331 and 1338 (a), and under the Patent Laws of the United States, Title 35, United States Code.

3. Defendant is subject to jurisdiction in Florida pursuant to the Florida Long Arm Statute, Section 48.193, Florida Statutes, and jurisdiction in this Court over the person of the Defendant comports with the requirements of due process.

4. This Court has jurisdiction over Defendant under Florida's Long Arm Statute, Section 48.193, Florida Statutes, as Defendant conducts, engages in, and carries on substantial and not isolated activity within the State of Florida, specifically including entering into contracts with, offering for sale its products, or licensing its technologies to, Universal Studios, Orlando, Florida, and Busch Entertainment Corporation which operates Busch Gardens in Tampa, Florida, Adventure Island in Tampa, Florida, SeaWorld in Orlando, Florida, and Discovery Cove in Orlando, Florida. Defendant also sells or licenses its patented software to Pacific Sunwear of California, Inc., The Home Depot, Inc., Albertson's, Inc., and Foot Locker, Inc., all of which maintain stores throughout the State of Florida, including this judicial district. Park City charges for its products by its customer's location.

5. Additionally, according to a Verified Complaint filed by Park City in the United States District Court for the District of Utah, Central Division, in the action styled, <u>Randall K. Fields and Park City Group, Inc. v. William A. Calvo, III</u>, Case No. 2:02 CV-0984 PGC, Park City was formerly known as Fields Technologies, Inc., which was formerly known as AmeriNet Group.com, Inc., which previously maintained offices in Boca Raton, Florida.

6. Defendant is a publicly-traded corporation and has sold shares of its company stock to investors in the State of Florida.

7. Venue is proper in this district and in this division under 28 U.S.C. section 1391.

## THE PARTIES

8. Application Development is a Florida corporation with its principal place of business in Tampa, Florida. Application Development engages in the business of developing, manufacturing, and selling data management and communications software for the supermarket industry. In order to aid its supermarket customers with tracking and managing perishable items, Application Development developed a fresh item management system solution, known as "P-Cubed".

9. Park City is a Delaware corporation with its principal place of business located in Park City, Utah. Upon information and belief, Park City also develops and markets software management applications to retailers, including supermarkets. Upon further information and belief, Park City advertises and markets its products for sale across the United States, including in Florida, and on its website at www.parkcitygroup.com.

## THE '115 PATENT

10. On March 29, 1994, United States Letters Patent 5,299,115 (the "'115 Patent") entitled "Product Demand System and Method", issued to Mrs. Fields Software Group, Inc. A copy of the '115 Patent is attached hereto as Exhibit "A".

11. Upon information and belief, all of the right, title, and interest in and to

3

the '115 Patent was subsequently assigned to Defendant, Park City.

## GENERAL ALLEGATIONS

12. All conditions precedent to Application Development's maintenance of this action have occurred, have been performed, or have been excused or waived.

## COUNT I – DECLARATORY JUDGMENT

13. Application Development realleges and incorporates by reference the allegations contained within paragraphs 1 through 12 above, as if set forth fully herein.

14. Park City, in written communications sent to Stephen Loveridge, the President of Application Development, in Tampa, Florida, has accused Application Development's P-Cubed software of infringing the '115 Patent. In one of Park City's written communications addressed to Mr. Loveridge in Tampa, Florida, it offered to discuss licensing opportunities under two of Park City's patents.

15. On May 25, 2007, the president of Application Development, Stephen Loveridge, was served with a Summons and Complaint in Tampa, Florida for a lawsuit filed in Salt Lake City, Utah before the United States District Court for the District of Utah. The Complaint identified only one defendant to the action – "Applied Data Communications, Inc. a Delaware corporation" – and the Summons, which was served on Mr. Loveridge, was similarly addressed to "Applied Data Communications, Inc., a Delaware corporation".

16. Although Application Development is not a defendant in the Utah lawsuit, that suit alleges P-Cubed software infringes the '115 Patent. Thus, Park City's actions have created a real and reasonable apprehension in Application Development that it faces

an infringement suit if Application Development continues to manufacture and distribute its P-Cubed software.

17. Application Development's refusal to discontinue the manufacture and distribution of the P-Cubed software has brought it into adversarial conflict with Defendant, Park City.

18. An actual controversy exists between Application Development and Park City as to whether Defendant Park City's '115 Patent is valid, and, if so, whether Application Development's software infringes Park City's '115 Patent.

19. Defendant, Park City's '115 Patent is invalid because the claims terms therein are sufficiently indefinite as to fail to meet the requirements of 35 U.S.C. section 112.

20. Application Development and Park City have opposing interests of such immediacy that a declaration of rights is warranted.

21. A declaration of rights will serve the useful purpose of clarifying and settling the legal relations at issue. A declaration of rights will also afford relief from the uncertainty, insecurity, and controversy giving rise to these proceedings.

22. Application Development is entitled to a declaration that Defendant Park City's '115 Patent is invalid and should be cancelled.

23. Defendant Park City's '115 Patent is invalid because the claims terms therein are sufficiently indefinite so as to fail to meet the requirements of 35 U.S.C. section 112.

24. Because the '115 Patent is invalid, Application Development is also entitled to a declaration that it did not infringe the '115 Patent.

WHEREFORE, Plaintiff, Application Development, respectfully requests this Court to (a) enter a declaratory judgment that Defendant Park City's '115 Patent is invalid and therefore not infringed by Application Development, and enter an Order cancelling the '115 Patent; (b) award to Application Development the costs of bringing this action; and (c) grant to Application Development all other relief this Court deems just and appropriate.

Dated: June 18, 2007.                    Respectfully submitted,

                                         *(signature)*
                                         Richard E. Fee, Esq.
                                         Florida Bar No. 813680
                                         rfee@feejeffries.com
                                         Kathleen M. Wade, Esq.
                                         Florida Bar No. 127965
                                         kwade@feejeffries.com
                                         FEE & JEFFRIES, P.A.
                                         1227 North Franklin Street
                                         Tampa, Florida 33602
                                         (813) 229-8008 – Telephone
                                         (813) 229-0046 – Facsimile

                                         Trial Counsel for Plaintiff,
                                         Application Development Consultants, Inc.